UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA
                      Civil No. 06-295(DSD/JJG)

Paul Kozloski, individually,
Duke Kasprisin, M.D., individually
and Kevin Noyes, individually,

       Plaintiffs,

v.                                                    **ORDER**

American Tissue Services
Foundation, a Delaware not
for profit organization,

       Defendant.


     This matter is before the court on plaintiffs and defendant's objections to the report and recommendation of Magistrate Judge Jeanne J. Graham dated December 12, 2006. In her report, the magistrate judge recommended that plaintiff Duke Kasprisin's claims be dismissed with prejudice and defendant's motions to dismiss the claims of plaintiffs Paul Kozloski and Kevin Noyes and to transfer venue of this action to the Western District of Oklahoma be denied. Plaintiffs object, arguing that judgment on the pleadings is not warranted as to the claims of Kasprisin. Defendant also objects, arguing that transfer of this action to Oklahoma is warranted. For the reasons that follow, the court denies plaintiffs' objection as moot, overrules defendant's objection, adopts the report and recommendation of the magistrate judge in part and denies defendant's motions to dismiss and transfer venue.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).

**I.   Defendant's Motion to Dismiss**

Defendant moved to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).  However, the magistrate judge correctly treated defendant's motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  See Fed. R. Civ. P. 12(h)(2); Westcott v. City of Oklahoma, 901 F.2d 1486, 1488 (8th Cir. 1990).  On a motion for judgment on the pleadings, the court construes the complaint and all reasonable inferences from the factual allegations contained therein most favorably to the pleader.  Westcott, 901 F.2d at 1488.  Judgment on the pleadings is warranted only if, based solely on the allegations contained in the pleadings, "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  Id. (internal quotations omitted).  Under principles of notice pleading, a plaintiff need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); see also Conley v. Gibson, 355 U.S. 41, 48 (1957).

The magistrate judge recommended that Kasprisin's claims under the Minnesota Whistle Blower Act and Minnesota common law be dismissed on the basis that he failed to plead factual allegations

2

sufficient to put ATSF, his former employer, on notice that he performed services for ATSF in the state of Minnesota or is entitled to the protections of Minnesota common law. However, on February 1, 2007, the magistrate judge granted plaintiffs' motion to file a second amended complaint, in which plaintiffs plead Kasprisin's factual connections to the state of Minnesota during his employment with ATSF. Therefore, the court denies plaintiffs' objection to the report and recommendation as moot and concludes that judgment on the pleadings in favor of ATSF is not warranted on Kasprisin's claims. Accordingly, the court adopts the magistrate judge's recommendation as it relates to defendant's motion to dismiss in part and denies the motion in its entirety.

**II.   Defendant's Motion to Transfer Venue**

ATSF moved to transfer this action to Oklahoma under 28 U.S.C. § 1404, the state of its principal place of business, arguing that Oklahoma is the most convenient forum for this litigation. In recommending that ATSF's motion be denied, the magistrate judge weighed the inconvenience of both parties as it relates to the respective forums and the litigation of this matter. The court finds the magistrate judge's recommendation to deny ATSF's transfer motion to be a well-reasoned application of the law to the facts and parties involved in this case. Therefore, upon a review of the

convenience of the parties, the convenience of the witnesses and the interests of justice, the court adopts that recommendation and denies ATSF's motion to transfer venue.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1.   The report and recommendation of the magistrate judge [Docket No. 46] is adopted in part;

2.   Defendant's motion to dismiss [Docket No. 17] is denied;

3.   Defendant's motion to change venue [Docket No. 17] is denied.

Dated:   February 2, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court
