UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-295(DSD/JJG)


Paul Kozloski, individually,
Duke Kasprisin, M.D., individually
and Kevin Noyes, individually

          Plaintiffs,

v.                                              **ORDER**

American Tissue Services
Foundation, a Delaware not for
profit organization,

          Defendant.


     This matter is before the court upon the motion of defendant

American Tissue Services Foundation ("ATSF") to review the Clerk of

Court's ("Clerk") decision on costs.  Based on a review of the

file, record and proceedings herein, the court grants ATSF's motion

in part.

     Plaintiffs  Paul  Kozloski  ("Kozloski"),  Duke  Kaspirsin

("Kaspirsin") and Kevin Noyes ("Noyes") sued ATSF for wrongful

discharge.  (See Def.'s Mem. Supp. [Doc. No. 204] 1.)  ATSF

prevailed against Noyes at summary judgment on September 27, 2007,

and settled with Kozloski and Kaspirsin in the days before their

January 22, 2008, trial.  Noyes appealed the grant of summary

judgment, and the Eighth Circuit affirmed.  See Noyes v. Am. Tissue

Servs. Found., 310 F. App'x 52 (8th Cir. 2009) (unpublished).

     ATSF filed a bill of costs with the Clerk, seeking $1,013.76

for the appeal and $5,790.26 for transcripts.  (Doc. No. 196, at

1.) The transcript costs relate to ATSF's motion for summary judgment and Kozloski and Kaspirsin's appeal of the magistrate judge's denial of their motion to add punitive damages. (See Def.'s Mem. Supp. [Doc. No. 204] 2.) ATSF sought all costs solely from Noyes. Noyes objected, claiming that, as one of three plaintiffs in the case, he should not bear the full burden of the transcript costs. (Pl.'s Obj. [Doc. No. 198] 1.) ATSF offered no reason for seeking the transcript costs solely from Noyes, stating only that "only one Plaintiff, Noyes, [is] ordered to pay [the costs]." (Def.'s Resp. [Doc. No. 200] 1.) The Clerk taxed the cost of appeal to Noyes and denied the transcript costs. (Doc. No. 201.) ATSF moves the court to review the decision of the Clerk.

The court presumes that a prevailing party is entitled to recover costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). The general rule is that costs shall be taxed against multiple parties jointly and severally, unless equity dictates apportionment. See Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497 (8th Cir. 2002). Where, as here, the same counsel represented all plaintiffs under the same theories of liability, joint and several liability for costs is appropriate. Id. ATSF, however, seeks to apportion all of the costs to Noyes and assign no liability to the other plaintiffs. The transcripts for which ATSF seeks costs were generated for use in litigation against all three plaintiffs. (See Def.'s Mot. Supp. [Doc. No. 204] 2-3.) There is

no evidence that Noyes raised distinct issues or generated disproportionate costs. Cf. Concord Boat, 309 F.3d at 497. Therefore, because the court finds no basis on which to apportion all of the expenses to Noyes, the court awards ATSF one-third of the costs it seeks against Noyes. Accordingly, **IT IS HEREBY ORDERED** that the Clerk shall tax an additional $1,930.09 to Noyes for costs incurred at the district court.

Dated: February 12, 2010

s/David S. Doty
David S. Doty, Judge
United States District Court